**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**  **CRIMINAL ACTION**

**VERSUS**

**MARK HOLPER**  **NO. 08-0142-JJB-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 19, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | |
| **MARK HOLPER** | **NO. 08-0142-JJB-DLD** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's Motion for Summary Judgment, rec.doc.no. 63. In this motion, the petitioner prays for judgment in his favor in connection with his Motion to Vacate, Set Aside or Correct Sentence, brought pursuant to 28 U.S.C. § 2255, for the reason that the State of Louisiana failed to file a timely response to his application.

Pursuant to Order dated August 16, 2010, the Court directed the State of Louisiana to file a response to the petitioner's Motion to Vacate, Set Aside or Correct Sentence within forty-five (45) days. See rec.doc.no. 62. Through inadvertence, the State failed to meet this deadline. Notwithstanding, the day after the petitioner filed the instant Motion for Summary Judgment, the State moved for leave to file a response to the petitioner's application out of time. See rec.doc.no. 65. This motion was granted by the Court on November, 22, 2010, and the State thereafter filed a response to the petitioner's application.

Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure provide that a Court may, in its discretion, dismiss an action or claim for failure to comply with orders of the Court. The same standard for the grant of dismissals applies under both Rules. Rax Garbage Disposal Service, Inc. v. Mcneilus Truck & Manufacturing Co., 109 F.3d 767 (5th Cir. 1997). Dismissals under these Rules "are affirmed only upon a showing of a clear record of delay or contumacious conduct ... and where lesser sanctions would not serve the best interest of justice." Wash v. Johnson, 108 Fed.Appx. 154

(5th Cir. 2004), quoting Dorsey v. Scott Wetzel Services, Inc., 84 F.3d 170 (5th Cir. 1996). The Fifth Circuit has affirmed dismissals only in cases where a party has repeatedly failed to comply with court orders, despite warnings that sanctions might result. See, e.g., Thanedar v. Time Warner Commications of Houston, L.L.P., 227 Fed.Appx. 385 (5th Cir. 2007), cert. denied, 552 U.S. 1159, 128 S.Ct. 1077, 169 L.Ed.2d 839 (2008) (affirming dismissal in light of party's "serially contumacious conduct"); Beard v. Experian Information Solutions Inc., 214 Fed.Appx. 459 (5th Cir. 2007) (affirming dismissal on the grounds that party "failed to comply with several court orders and failed to prosecute his case" after repeated warnings that failure to comply with the court's orders could result in sanctions, including dismissal); Dorsey v. Scott Wetzel Servs., supra (affirming dismissal after the plaintiff failed to timely file a joint pretrial order, appear for docket call, timely designate an expert, and appear for trial); Salinas v. Sun Oil Co., 819 F.2d 105 (5th Cir. 1987) (affirming dismissal after party engaged in a "pattern of delay" for over two years "in the face of three warnings of dismissal"). Generally, the Fifth Circuit looks for at least one of three aggravating factors, (1) delay caused by the party itself and not the party's attorney, (2) actual prejudice to the opposing party, or (3) delay caused by intentional conduct. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188 (5th Cir. 1992).

In the instant case, the State's failure to file a timely response to the petitioner's application does not meet any of these criteria and does not present an egregious circumstance that warrants dismissal or other sanction. In addition, the petitioner by this motion essentially seeks a judgment by default, and a default judgment is generally not appropriate in a habeas corpus proceeding because the failure of the respondent to file responsive pleadings does not generally entitle a petitioner to habeas corpus relief. See, e.g., Thompson v. United States, 2010 WL 3782028 (E.D. Tex., Aug. 23, 2010), and cases cited therein. Accordingly, the petitioner's Motion for Summary Judgment, rec.doc.no. 63, should be denied.

## RECOMMENDATION

It is recommended that the petitioner's Motion for Summary Judgment, rec.doc.no. 63, be

denied, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on December 19, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**