UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

MARK HOLPER

CRIMINAL ACTION

NO: 3:08-00142-JJB

## RULING ON MOTION FOR RECONSIDERATION

Before the Court is Defendant's motion (doc. 89) for reconsideration of sentence modification based upon the U.S. Supreme Court's recent ruling in *Alleyne v. United States*, 133 S. Ct. 3151 (2013). Defendant's original motion for sentence modification (doc. 86) was denied by this Court on November 13, 2013.

Defendant was charged and convicted on one count of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). Under this statute, Defendant faced a statutory sentencing range of up to 10 years. In determining his sentence according to the U.S. Sentencing Guidelines, the Court found that Defendant committed "obstruction of justice," which increased Defendant's guideline range from a minimum of 57 months to a minimum of 97 months.

Defendant, once again, asks the Court to reduce his sentence based on *Alleyne v. United States*. In *Alleyne*, the Supreme Court held that any fact that increases the *mandatory minimum sentence* is an "element" of the crime and must be submitted to the jury.[1] The Court clarified that "Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury."[2] Footnote 2 in Justice Thomas' opinion also references this point, explaining that:

---
[1] 133 S.Ct. 2151, 2153 (2013).
[2] *Id.*

1

"Juries must find any facts that increase either the statutory maximum or minimum because the Sixth Amendment applies where a finding of fact both alters the legally prescribed range and does so in a way that aggravates the penalty. Important, this is distinct from factfinding used to guide judicial discretion in selecting a punishment 'within limits fixed by law.' Williams v. New York, 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). While such findings of fact may lead judges to select sentences that are more severe than the ones they would have selected without those facts, the Sixth Amendment does not govern that element of sentencing. *Infra,* at 2162 – 2164, and n. 6."[3]

The judicial finding of obstruction of justice did not change Defendant's statutory maximum or minimum sentence. Obstruction of justice was not an element of the crime. The judicial finding only affected his sentence within limits fixed by statutory law. Defendant's sentence of 110 months was within the prescribed statutory range. Consequently, *Alleyne* does not apply in this case since Defendant's statutory minimum sentence was not altered. Accordingly, Defendant's motion (doc. 89) for reconsideration of sentence modification is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 13th, 2014.

JUDGE JAMES J. BRADY
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[3] *Id.* at 2173.

2